IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| RASHOND WESLEY BAKER, a/k/a, Paxvo Ebube Chukwu, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 620-066 |
| TREVONZA BOBITT, in his individual and official capacity, | ) ) ) | |
| Defendant. | ) ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.     SCREENING THE COMPLAINT**

    **A.     BACKGROUND**

Plaintiff names Trevonza Bobitt as the sole defendant. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. From November 1, 2019 through July 8, 2020, Defendant deprived Plaintiff of a "consistent and adequate diet and/or meal portion" in violation of the law. (Id. at 5.) Defendant is committing "nutricide" in an attempt to harm the entire GSP population for "selfish gain of

financial benefit . . . [and] profiteering large sums of governmental revenue," instead of fixing and restoring the kitchen prison, which was destroyed by fire. (Id.) At Defendant's direction, GSP staff threatened to inject Plaintiff with mental health medication, and also denied Plaintiff protective custody, in an attempt to thwart Plaintiff's efforts to expose the "underhanded tyranny" of the prison. (Id. at 5-6.) Defendant responded to Plaintiff's grievance with fraud and attempted to deny it took sixty-nine days to respond. (Id. at 6.) Plaintiff alleges he was tased and pepper sprayed on two separate occasions but does not specify the individuals responsible. (Id.) For relief, Plaintiff requests monetary damages and injunctive relief. (Id. at 7.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

2

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.  **Plaintiff Fails to State a Claim Against Defendant for Denying His Grievance**

To the extent Plaintiff alleges Defendant mishandled his grievance, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*). Thus, any claim Defendant mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder

3

v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

### 3. Plaintiff Fails to State a Claim Based on Inadequate Meal Portions

Plaintiff alleges Defendant deprived him of a "consistent and adequate diet and/or meal portion" in violation of "GDC state plating guide standards." (Doc. no. 1, pp. 5, 7.) Plaintiff provides no other details to support this claim and fails to allege any facts specifying the inadequacy of his meal portions, i.e. lack of protein, dairy, and/or vegetables. Accordingly, Plaintiff fails to set forth any factual allegations "rais[ing] a right to relief above a speculative level." Twombly, 550 U.S. at 555.

Additionally, a claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. Plaintiff alleges Defendant is committing "nutricide" in an attempt to harm the prison population and for the purpose of financial gain. (Doc. no. 1, p. 5.) It is fanciful and delusional to believe Defendant is deliberately starving the entire prison and engaging in malicious nutritional practices for the purpose of causing death and personal financial gain. Moreover, to the extent Plaintiff is requesting the Court investigate the financial decisions of Defendant, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 548 (1979). Thus, Plaintiff fails to state a claim.

### 4.     **Plaintiff Fails to State A Claim for Retaliation**

Plaintiff also fails to state a viable retaliation claim.  Plaintiff alleges GSP staff threatened to inject him with mental health medication and denied Plaintiff protective custody because he has attempted to expose the "underhanded tyranny" of the prison. (Doc. no. 1, pp. 5-6.)  Plaintiff does not describe his efforts to expose the tyranny, and while he never describes the tyranny, Plaintiff refers back to his allegations of inadequate nutrition and "nutricide." Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances.  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action."  Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face.  Id. (citing Twombly, 550 U.S. at 554).  A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly

retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Here, Plaintiff's allegations are entirely conclusory without any factual support, and do not raise his allegations of retaliation beyond a speculative level. See Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*) (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above speculative level) (citing Iqbal, 556 U.S. at 680). In addition, the foundation of his retaliation claim is the nutritional program allegations the Court has already deemed fanciful and delusional in Part I(B)(3), *supra*. Thus, Plaintiff fails state a retaliation claim against Defendant.

### 5. **Plaintiff Fails to State an Excessive Force Claim**

"The Eighth Amendment's proscription of cruel and unusual punishments also governs prison officials' use of force against convicted inmates." Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To state an excessive force claim, Plaintiff must satisfy both an objective and subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Objectively, Plaintiff must show that he suffered a "sufficiently serious" deprivation harmful enough to establish a constitutional violation. Id. *De minimi*s uses of physical force are beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Accordingly, not "every malevolent touch by a prison guard gives rise to a federal cause of action," even if it "may later seem unnecessary in the peace of a judge's chambers . . . ." Id. at 9 (citation omitted). However, because injury and force are imperfectly correlated and it is the force used that counts, an inmate "who is gratuitously beaten by guards does not lose his ability to pursue

6

an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Subjectively, Plaintiff must show that the actions taken involved the unnecessary and wanton infliction of pain. See Whitley v. Albers, 475 U.S. 312, 319 (1986). That is,

> [F]orce does not violate the Eighth Amendment merely because it is unreasonable or unnecessary: "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense."

Campbell, 169 F.3d at 1374 (quoting Whitley, 475 U.S. at 319). Rather, the Court must consider "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996) (quoting Hudson, 503 U.S. at 7).

Because the subjective component is contextual, courts consider the following factors: (1) extent of injury, (2) need for application of force, (3) relationship between need and amount of force used, (4) threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7; Campbell, 169 F.3d at 1375. Any action taken should be viewed in light of the wide-ranging deference accorded prison officials acting to preserve discipline and institutional security. Hudson, 503 U.S. at 6; Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009) (*per curiam*). For example, use of an appropriate degree of force to compel compliance with a valid order is justified. Brown v. Smith, 813 F.2d 1187, 1189 (11th Cir. 1987); see also Ort v. White, 813 F.2d 318, 325 (11th Cir. 1987) (evaluating excessive force claim requires consideration of whether immediate coercive measures were taken "in a good faith effort to restore order or prevent a disturbance,

and if the force used was reasonable in relation to the threat of harm or disorder apparent at the time.").

Plaintiff fails to state a claim for excessive force because there is no allegation Defendant was the person who used excessive force against Plaintiff, and there is no allegation sufficient to hold him liable as a supervisory official. Thus, Plaintiff fails state an excessive force claim against Defendant.

### 6. Plaintiff's Motion for Preliminary Injunction

On October 27, 2020, Plaintiff filed a declaration with an attached proposed order titled "Order to Show Cause for a Preliminary Injunction & a Temporary Restraining Order." (Doc. no. 16.) Although Plaintiff styles the filing as a proposed order and not a proper motion, the Court construes his filing as a motion for preliminary injunction. Plaintiff requests transfer to another institution and the termination of all prison kitchen staff at Rogers State Prison. (Doc. no. 16; doc. no. 1, p. 7.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not shown a likelihood of success on the merits because the complaint

allegations fail to state a claim, as discussed above.  Nothing in Plaintiff's motion for injunctive relief convinces the Court otherwise.  Indeed, Plaintiff has not met his burden of persuasion as to any four of the requirements above because he fails to address all four prongs.  Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's requests for injunctive relief.  See Jefferson Cty, 720 F. 2d at 1519.  Furthermore, the motion adds clearly fantastical allegations concerning Plaintiff's citizenship.  (See doc. no. 16.)  For these reasons, Plaintiff's motion for injunctive relief should be denied.

**II.     CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, Plaintiff's motion for preliminary injunction be **DENIED**, (doc. no. 16), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of December, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA